IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| **TINA SHONTELE FRANKLIN and TROY R. FRANKLIN** | § § | **PLAINTIFFS** |
| v. | § § | **Civil No. 2:24-cv-45-HSO-BWR** |
| **INTUITIVE SURGICAL, INC. and INTUITIVE SURGICAL OPERATIONS, INC.** | § § § § | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS INTUITIVE SURGICAL, INC. AND INTUITIVE SURGICAL OPERATIONS, INC.'S MOTION [3] TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants Intuitive Surgical, Inc. and Intuitive Surgical Operations, Inc. (collectively, "Intuitive" or "Defendants")'s Motion [3] to Dismiss seeks to dismiss Plaintiffs Tina Shontele Franklin and Troy R. Franklin ("Plaintiffs")'s Complaint [1-2] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because the Court finds that Plaintiffs have adequately pled their claims under the Mississippi Products Liability Act ("MPLA"), Miss. Code Ann. § 11-1-63, Intuitive's Motion [3] to Dismiss will be denied.

### I. BACKGROUND

This is a product-liability case to recover for injuries sustained by Plaintiff Tina Franklin ("Franklin") during a surgical procedure she underwent in February 2021. *See* Compl. [1-2] at 3. Defendants are medical device manufacturers that produce robotic surgical devices and surgical instruments. *See* Compl. [1-2] at 2-3; Mem. [4] at 1. One of those instruments is the SureForm 45 mm stapler, which, according to Intuitive, is "a product that is used in surgical procedures and that allows surgeons to create an anastomosis—a surgical connection between two

structures." Mem. [4] at 1.  Plaintiffs allege that during Tina Franklin's surgery, her surgeon used one of Intuitive's SureForm 45 mm staplers to "create an anastomosis between [her] small intestine and the remaining portion of her colon." Compl. [1-2] at 3.  But, according to the Complaint [1-2], that SureForm 45 mm stapler was defective, leading to significant surgical complications and injury. *Id.* at 5.

Plaintiffs filed suit against Intuitive in the Circuit Court of Forrest County, Mississippi, on February 6, 2024, and Intuitive removed the case to this Court on March 15, 2024.  *See* Notice [1].  The Complaint [1-2] alleges that the SureForm 45 mm stapler was defective, that it failed to contain adequate warnings, that it breached an express warranty, and that its defective condition rendered the product unreasonably dangerous.  *See id.*  In lieu of an Answer, Intuitive filed the instant Motion [3], requesting the Court dismiss Plaintiffs' Complaint [1-2] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  In sum, Intuitive argues that the Complaint [1-2] is a "vague and imprecise shotgun pleading that clouds the legal and factual issues in the case[,]" Mem. [4] at 3 (quotations omitted, cleaned up), such that it fails to provide adequate notice, and that Plaintiffs fail to plausibly allege any of the claims recognized under the MPLA, *id.* at 4.

II. DISCUSSION

A.   Relevant Legal Standards

1.   Motions to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 does not require "detailed factual allegations," but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Nor is a complaint sufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To withstand a Rule 12(b)(6) motion to dismiss, a pleading "must contain sufficient factual matter, if accepted as true, to state a claim to relief that is plausible on its face." *Lindsay v. United States*, 4 F.4th 292, 294 (5th Cir. 2021) (quotations omitted).  A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  In evaluating a motion to dismiss, the Court "accept[s] all factual allegations as true and view[s] the facts in the light most favorable to the plaintiff." *Cat and Dogma, LLC v. Target Corp.*, No. 20-50674, 2021 WL 4726593, at *1 (5th

Cir. Oct. 8, 2021) (citing *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009) ("Viewing the facts as pled in the light most favorable to the nonmovant, a motion to dismiss . . . should not be granted if a complaint provides 'enough facts to state a claim to relief that is plausible on its face.'") (quoting *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008))).  And the Fifth Circuit has consistently explained that "Rule 12(b)(6) motions are 'viewed with disfavor and rarely granted.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

2. <u>The Mississippi Products Liability Act</u>

The Court must evaluate Plaintiffs' claims under the MPLA, which "applies 'in *any* action for damages caused by a product,' with deviation defects, warnings or instruction defects, design defects, and where a product breached an express warranty." *Elliott v. El Paso Corp.*, 181 So. 3d 263, 268 (Miss. 2015) (quoting and citing Miss. Code Ann. § 11-1-63) (emphasis in original); *see also Funches v. Progressive Tractor and Implement Co., L.L.C.*, 905 F.3d 846, 850 (5th Cir. 2018) ("[T]he Mississippi Supreme Court clarified that '[t]he MPLA provides the exclusive remedy in any action for damages caused by a product[.]'" (cleaned up) (quoting *Elliott*, 181 So. 3d at 270)).  In other words, "the MPLA has abrogated products-liability claims based on strict-liability or negligence theories, and the MPLA now provides the roadmap for such claims." *Elliott*, 181 So. 3d at 268.  Therefore, the only product-liability claims recognized under Mississippi law are those for defective manufacturing, inadequate warnings or instructions, defective design, and

breach of express warranty or failure to conform to representations. *See* Miss. Code Ann. § 11-1-63(a)(i)(1)-(4); *see also Jackson v. Monsanto Co.*, No. 5:18-cv-13, 2018 WL 3995799, at *3 n.3 (S.D. Miss. Aug. 16, 2018) (stating the same).

B.     Analysis

Given the deferential standard for resolving motions under Rule 12(b)(6), the Court finds that Plaintiffs have pled "sufficient factual matter, if accepted as true, to state a claim to relief that is plausible on its face[,]" *Lindsay*, 4 F.4th at 294 (quotations omitted), as to their claims for manufacturing defect, defective design, failure to warn, and breach of an express warranty under the MPLA.

"To state a claim that a product was defectively manufactured, plaintiffs must allege that the product 'deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications.'" *Davis v. Cloplay Corp.*, No. 1:18cv2017, 2019 WL 1231685, at *3 (S.D. Miss. Mar. 15, 2019) (quoting *Deese v. Immunex Corp.*, No. 3:11cv373, 2012 WL 463722, at *3 (S.D. Miss. Feb. 13, 2012) (quoting Miss. Code Ann. § 11-1-63(a)(i)(1))). And "a plaintiff must 'allege how the subject product(s) deviated from the manufacturer's specifications or other units.'" *Austin v. Bayer Pharm. Corp.*, No. 5:13-cv-28, 2013 WL 5406589, at *6 (S.D. Miss. Sept. 25, 2013) (quoting *Adams v. Energizer Holdings, Inc.*, No. 3:12CV797, 2013 WL 1791373, at *3 (S.D. Miss. Apr. 19, 2013)). Here, Plaintiffs allege that "the stapler or staplers were defective because the staplers departed in a material way from the Defendants' specifications and intended use of the staplers to allow the surgeon to achieve a secure anastomosis following the right hemicolectomy procedures such as

that performed on Mrs. Franklin." Compl. [1-2] at 8.  Although not much detail is pled as to this claim, Plaintiffs have alleged that the SureForm 45 mm at issue departed from the manufacturer's specifications such that it could not perform its intended use.  *See id.*  In the Court's view, this is sufficient at the Rule 12(b)(6) stage.

To prevail on a design defect claim under the MPLA, Plaintiff must prove that

> The danger presented by the product's design was known or should have been known to the manufacturer [or seller] (i.e., the danger was foreseeable); (2) the product failed to function as expected (as a result of a design characteristic); (3) an alternative design existed that would not impair the product's usefulness or desirability; and (4) the alternative design would have to a reasonable probability prevented the harm.

*Little v. Smith & Nephew, Inc.*, No. 1:15-cv-28, 2015 WL 3651769, at *6 (N.D. Miss. Jun. 11, 2015) (citing *Phillips 66 Co. v. Lofton*, 94 So. 3d 1051, 1060 (Miss. 2012)). Plaintiffs allege that "[t]he stapler was further defective because it . . . was designed in a defective manner by misfiring staples or in failing to maintain a staple line when attempting to create an anastomosis." Compl. [1-2] at 7.  Further, they assert that "Intuitive had adopted an alternative and improved design of the stapler to assist in preventing anastomotic leaks such as the one sustained by Mrs. Franklin by redesigning the stapler to prevent tissue push-back events such as that encountered in this case." *Id.* at 9.  And they claim that Intuitive placed the SureForm 45 mm "stapler on the market, knowing that it was defective and had the propensity to fail to achieve a secure closing of the surgical wound[.]" *Id.* at 10.

Taken together, these factual assertions state a plausible claim for defective design under the MPLA.

Next, "[a] manufacturer is liable under a failure-to-warn theory if the product 'failed to contain adequate warnings,' the inadequate warnings 'rendered the product unreasonably dangerous to the user or consumer,' and the inadequate warning 'proximately caused the damages for which recovery is sought.'" *Union Carbide Corp. v. Nix, Jr.*, 142 So. 3d 374, 385 (Miss. 2014) (quoting Miss. Code Ann. § 11-1-63). Under the learned intermediary doctrine, "in cases involving medical devices, . . . which are available only through physicians, the duty to warn extends only to the 'learned intermediary,' i.e., the physician." *Nelson v. C.R. Bard*, 553 F. Supp. 3d 343, 351 (S.D. Miss. Aug. 6, 2021) (citing Miss. Code Ann. § 11-1-63(c)(ii)). The Complaint [1-2] alleges that Intuitive "failed to provide adequate warnings that the stapler may not properly create an anastomosis following surgery such as that performed on Mrs. Franklin . . . because the stapler did not properly fire or the stapler pushed back the tissue as the surgeon was attempting to secure it with the stapler." Compl. [1-2] at 9. Although Plaintiffs do not specifically reference the learned intermediary doctrine in their Complaint [1-2], the Court is of the view that their failure-to-warn allegations plausibly extend to either Mrs. Franklin or her surgeon. Under the circumstances of this case, this is sufficient to survive Intuitive's Rule 12(b)(6) challenge.

A breach of warranty claim arises under the MPLA when a "product breached an express warranty or failed to conform to other express factual representations

upon which the claimant justifiably relied in electing to use the product[.]" Miss. Code Ann. § 11-1-63(a)(i)(4).  "[A]n express warranty is any affirmation of fact or promise which concerns the product and becomes part of the basis for the purchase of such a product."  *Forbes v. GMC*, 935 So. 2d 869, 876 (Miss. 2006).  Plaintiffs allege that the SureForm 45 mm stapler "breached an express warranty that it was suitable to secure an anastomosis following right hemicolectomy surgery such as that performed on Mrs. Franklin on February 12, 2021."  Compl. [1-2] at 9.  This is sufficient to articulate the "affirmation of fact or promise which concerns the product," *Forbes*, 935 So. 2d at 876, forming the basis of the claim for breach of warranty.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Intuitive Surgical, Inc. and Intuitive Surgical Operations, Inc.'s Motion [3] to Dismiss for Failure to State a Claim is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 13th day of March, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE